

U.S. Department of Justice

Channing D. Phillips
United States Attorney

*District of Columbia*

**FILED**
**MAR 24 2017**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 16, 2017

Danielle C. Jahn, Esq.
Assistant Federal Public Defender
Federal Public Defender
625 Indiana Ave. NW
Washington D.C. 20004

      Re:  United States v. Edgar Welch
          Case No. 1:16-CR-232

Dear Ms. Jahn:

  This letter sets forth the full and complete plea offer to your client, Edgar Maddison Welch (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires unless it is accepted in writing by March 20, 2017. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

### 1.  Charges and Statutory Penalties

  Your client agrees to plead guilty to Counts One and Two in the Indictment, which respectively charge your client with Interstate Transportation of a Firearm, in violation of 18 U.S.C. § 924(b), and Assault with a Dangerous Weapon, in violation of 22 D.C. Code § 402.

  Your client understands that a violation of 18 U.S.C. § 924(b) carries a maximum sentence of 10 years of imprisonment; a fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that a violation of 22 D.C. Code § 402 carries a maximum sentence of 10 years of imprisonment; a fine of up to $25,000 pursuant to 22 D.C. Code § 3571.02(b)(7); a term of supervised release of not more than 3 years, pursuant to 24 D.C. Code § 403.01(b)(2)(B); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2016) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

### 2. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3. Additional Charges

In consideration of your client's guilty plea to the above offense(s), your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining count(s) of the Indictment in this case at the time of sentencing. Your client agrees and acknowledges that the charge(s) to be dismissed at the time of sentencing were based in fact.

### 4. Sentencing Guidelines Analysis

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter, "U.S. Sentencing Guidelines," or "U.S.S.G."), as well as those promulgated by the District of Columbia Sentencing Commission, *Voluntary Sentencing Guidelines Manual* (hereinafter, "D.C. Sentencing Guidelines," or "D.C.V.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### Count One – Interstate Transportation of a Firearm and Ammunition

#### A. Estimated Offense Level: U.S. Sentencing Guidelines

The parties agree that the following United States Sentencing Guidelines sections apply to Count One of the Indictment (Interstate Transportation of a Firearm):

| | | |
|---|---|---|
| U.S.S.G. § 2K2.1(a)(7) | Base Offense Level | 12 |
| U.S.S.G. § 2K2.1(b)(1)(A) | Offense Involving 3-7 Firearms | 2 |
| U.S.S.G. § 2K2.1(b)(1)(A) | Firearms Used In Connection With Another Felony | 4 |
| | Total | 18 |

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Estimated Offense Level for Count One will be at least **15**.

#### B. Estimated U.S. Sentencing Guidelines Criminal History Category

Based upon the information now available to this Office, your client has at least the following criminal convictions:

- Your client was convicted of Driving While Impaired in 2013, in the State of North Carolina. It appears that your client was sentenced to a probationary sentence.

Based on the above, your client is estimated to have 1 criminal history point and your client's U.S.S.G. Criminal History Category is estimated to be **I**. Your client acknowledges that, if additional convictions are discovered during the pre-sentence investigation by the United States

Probation Office, your client's criminal history points may increase. Similarly, if the United States Probation Office determines that your client has fewer convictions than estimated herein, your client's criminal history points may decrease.

### C. Estimated Sentencing Guidelines Range for Count One

Based upon the agreed total offense level and the estimated criminal history category set forth above, your client's Estimated Sentencing Guidelines Range for Count One is **18** months to **24** months. In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine for Count 1, at U.S.S.G. level **15**, the estimated applicable fine range is $7,500 to $75,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the U.S. Sentencing Guidelines, neither a downward nor upward departure from the Estimated Sentencing Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Sentencing Guidelines Range for Count One, nor will either party suggest that the Court consider such a departure or adjustment, except as provided above. Moreover, your client understands and acknowledges that the Estimated Sentencing Guidelines Range for Count One agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range is applicable, your client will not be permitted to withdraw your client's guilty plea on that basis, and the Government and your client will still be bound by this Agreement.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### Count Two – Assault With A Dangerous Weapon

#### A. Offense Severity Group: D.C. Voluntary Sentencing Guidelines

The parties agree that the D.C.V.S.G. applies to Count Two of the Indictment (Assault with a Dangerous Weapon). The parties agree that, pursuant to the Master Grid and Appendix C of the D.C.V.S.G., the Offense Severity Group of Assault with a Dangerous Weapon is "Group 6."

#### B. Offense Severity Group: D.C. Voluntary Sentencing Guidelines

The parties agree that, under D.C.V.S.G., your client has a "0" criminal history score, and that therefore his sentencing range under the D.C.V.S.G. will be determined according to Criminal History Category Column A, of the Master Grid of Appendix A of the D.C.V.S.G.

### C. Estimated Sentencing Guidelines Range for Count Two

Based on the calculations set forth above, and pursuant to the Master Grid of Appendix A of the D.C.V.S.G., your client's Estimated Sentencing Guidelines Range for Count Two is **18 months to 60 months**.

The parties agree that, solely for the purposes of calculating the applicable range under the D.C. Voluntary Sentencing Guidelines, neither a downward nor upward departure from the Estimated Sentencing Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Sentencing Guidelines Range for Count Two, nor will either party suggest that the Court consider such a departure or adjustment, except as provided above. Moreover, your client understands and acknowledges that the Estimated Sentencing Guidelines Range for Count Two agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range is applicable, your client will not be permitted to withdraw your client's guilty plea on that basis, and the Government and your client will still be bound by this Agreement.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Estimated Guidelines Range for each count would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range for each count based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above the Estimated Guidelines Ranges for each count based on § 3553(a) factors.

### 6. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any U.S.S.G. or D.C.V.S.G. adjustments, departures, or calculations different from any agreements contained in this

Agreement, or contemplates a sentence outside the Guidelines ranges based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 7. Court Not Bound by this Agreement or the Sentencing Guidelines

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the U.S.S.G. and D.C.V.S.G. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the U.S.S.G. or D.C.V.S.G. are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines ranges. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines ranges or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### 8. Conditions of Release

Your client acknowledges that, because your client is pleading guilty to an offense described in subparagraph (A) of 18 U.S.C. § 3142(f)(1), the Court is required to order your client to be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

### 9. Waivers

#### a. Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### b.     Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court. Your client agrees not to challenge the authority of the Court to set conditions of supervised release for the D.C. Code offense(s) to which your client is pleading guilty.

### c.     Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to

set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court or your client claims that your client received ineffective assistance of counsel, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence or raise on appeal a claim of ineffective assistance of counsel, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### d. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### e. Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 10. Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, restitution applies in this case under 18 U.S.C. § 3663A and 16 D.C. Code § 16-711. Apart from that determination of mandatory restitution, your client agrees to pay restitution to Big Bucks' LLC, in the amount of $5,744.33.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation

Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

**11.    Forfeiture**

(a) The United States and your client hereby agree that the following firearms and ammunition, seized at the Comet Ping Pong Restaurant, 5037 Connecticut Avenue, NW, Washington, D.C. 20008, and from the Toyota Prius bearing North Carolina license tag CB5619, by the Metropolitan Police Department (MPD) on or about December 5, 2016, and currently in the custody and/or control of the MPD or the Federal Bureau of Investigation, were properly seized and were involved in or used in violation of Federal law by your client. Additionally, your client agrees that as the result of the conviction in this matter, it would be illegal for your client to possess the firearms and ammunition listed below:

(1)    One 12-Gauge Armed Guns (Doruk Silah) Shotgun, Serial No. 13P1835, loaded with four rounds of 12-gauge ammunition;

(2)    One 9mm Colt AR-15 Semi-Automatic Rifle, Serial No. LTA002714, a total of 25 rounds of 9mm ammunition and a magazine;

(3)    One .38 caliber Colt revolver, Serial No. SV7661, loaded with six rounds of .38 caliber ammunition; and

   (4) One box labeled "WINCHESTER XPERT HIGH VELOCITY STEEL SHOT 12 GA." containing 16 unfired shotgun shells (LOT # 69X1HE08).

  (b) Your client agrees that these items are subject to seizure and forfeiture by the United States and that no defense exists to the seizure and forfeiture of this property by the United States. As such, your client hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States and/or the District of Columbia and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property, your client hereby consents to its destruction by, and or abandonment to, the law enforcement agency. Your client certifies that he is the owner of the property listed above, and that no one else has an ownership interest in this property, with the one previous possible exception of Harry Welch, Jr., who has relinquished any claim to the property.

  (c) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture/destruction carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 12.   <u>Breach of Agreement</u>

  Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

  Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

  Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to

prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 13. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **March 20, 2017**.

Sincerely yours,

CHANNING D. PHILLIPS
United States Attorney

By: _____
Demian S. Ahn
Assistant United States Attorney

Sonali D. Patel
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Danielle C. Jahn. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 3-24-17

Edgar Maddison Welch
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Edgar Maddison Welch, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 3/24/17

Danielle C. Jahn, Esq.
Attorney for Defendant