FILED

MAR 24 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **Case No. 1:16-CR-232 (KBJ)** |
| **EDGAR MADDISON WELCH,** | **Honorable Ketanji Brown Jackson** |
| *Defendant.* | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

*Summary of the Plea Agreement*

Defendant Edgar Maddison Welch agrees to admit guilt and enter a plea of guilty to Counts One and Two of the Indictment. Count One charges the defendant with Interstate Transportation of a Firearm and Ammunition, in violation of Title 18, U.S. Code, Section 924(b). Count Two charges the defendant with Assault with a Dangerous Weapon, in violation of Title 22, D.C. Code, Section 402.

### I. Elements of the Offenses

**A. Count One: Interstate Transportation of a Firearm and Ammunition**

The elements of Interstate Transportation of a Firearm and Ammunition, in violation of Title 18, U.S. Code, Section 924(b), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant transported a firearm and ammunition in interstate commerce; and

2. The defendant did so with intent to commit a crime that is punishable by imprisonment for a term exceeding one year, or with knowledge and reasonable

cause to believe that he would commit an offense that is punishable by imprisonment for a term exceeding one year.

### B. Count Two: Assault With A Dangerous Weapon

The elements of Assault with a Dangerous Weapon, in violation of Title 22, D.C. Code, Section 402, each of which the government must prove beyond a reasonable doubt, are:

1. The defendant committed a threatening act that would reasonably create in another a fear of immediate injury;
2. The defendant acted voluntarily, on purpose, and not by mistake or accident;
3. The defendant had the apparent ability to injury a person; and
4. The defendant committed the threatening act while armed with a dangerous weapon.

## II. Brief Statement of Facts

The following statement of facts does not purport to include all of the government's evidence against the defendant. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea. Had this case gone to trial, the government would have proven, beyond a reasonable doubt, the following facts:

On December 4, 2016, at about 8:50 a.m., the defendant left his home in Salisbury, North Carolina, and drove to Washington, D.C. When he left home, the defendant carried with him, either on his person or otherwise in his car, three firearms and ammunition associated with each: (1) a 9mm AR-15 assault rifle loaded with approximately 29 rounds of ammunition; (2) a fully-loaded 6-shot .38 caliber pistol; (3) a loaded twelve-gauge shotgun; and (4) a box of shotgun shells.

The defendant transported the above-listed firearms and ammunition as he drove directly from North Carolina to the Comet Ping Pong ("Comet") restaurant in Washington, D.C.

The defendant was motivated, at least in part, by unfounded rumors about a child sex-trafficking ring that was being perpetrated at Comet and that involved nationally-known political figures. The defendant had begun to focus on those rumors (known collectively as "Pizzagate" rumors) on December 1, 2016, principally by watching YouTube videos and reviewing related internet content. The defendant then took it upon himself to act in what he believed would be a violent confrontation at the restaurant. The defendant explained to friends, who he unsuccessfully attempted to recruit, that his intended action involved "sacraficing [sic] the lives of a few for the lives of many," and "[s]tanding up against a corrupt system that kidnaps, tortures and rapes babies and children in our own backyard." When the defendant's friends declined to join him, the defendant decided to arm himself and to drive directly to Comet. During the drive, the defendant sent electronic messages and made a video recording which showed that he believed that, as a result of his planned confrontation at the restaurant, he might not return home.

As the defendant transported the above-listed firearms and ammunition from North Carolina to Washington, D.C., and with respect to individuals inside Comet who were either participating in the non-existent sex-trafficking ring or who interfered with the defendant's ability to "investigate" the non-existent ring, the defendant intended to commit a threatening act that would reasonably create in another a fear of immediate injury, while armed with the AR-15. The defendant's intended conduct constituted Assault with a Dangerous Weapon, in violation of Title 22, D.C. Code, Section 402, an offense that is punishable by more than one year in prison.

When the defendant arrived in Washington, D.C., shortly before 3:00 p.m., on December 4, 2016, he parked his car directly in front of Comet, on Connecticut Avenue NW. The defendant exited his car carrying the loaded .38 revolver in a holster on his hip, and carrying the loaded AR-15 in his hands. The defendant left his shotgun and extra ammunition in his car.

The defendant walked directly into the restaurant, which was occupied by employees and customers (including numerous children). The defendant carried his AR-15 openly, with one hand on the pistol-style grip, and with the other hand on the hand guard. The AR-15 – an assault rifle which was approximately three feet long – could thus be seen by anyone with an unobstructed view of the defendant. The defendant was able to proceed directly to the back of the restaurant without any interference. The customers and employees who became aware of the defendant feared for their lives, did not interfere with the defendant, and ultimately fled the restaurant. The defendant was thus able to move freely about the restaurant. The defendant moved various furniture around the restaurant, causing damage to one of the restaurant's ping-pong tables.

While the restaurant was empty, the defendant encountered a locked storage closet. The defendant did not know whether anyone was behind the closet door. He thus attempted to force it open with a butter knife. When that failed, the defendant aimed his AR-15 at the wooden door and fired multiple times. The resulting gunfire struck the closet door and its lock, passed through the door, and damaged a computer and some drywall inside the closet. Fortunately, the closet was unoccupied, and the bullets only damaged the tangible property inside.

At about the same time, CW-1, an employee of the restaurant, was retrieving pizza dough from a neighboring business. While he was carrying the dough back to the restaurant, CW-1 heard loud sounds, consistent with gunshots. However, at the time CW-1 did not know what was

happening inside the restaurant, and did not know that there was a gunman inside. CW-1 thus entered the restaurant through a side door that was just a few feet from the defendant's position.

When he opened the door, CW-1 saw the defendant facing the closet at an angle, with the barrel of the AR-15 leveled and pointed in the direction of the closet (at the same angle). CW-1 saw that the defendant saw him (CW-1), and then saw the defendant then turn towards him with the leveled AR-15, such that the AR-15 was pointed directly at CW-1. CW-1 immediately feared that he would be shot to death. CW-1 immediately turned and ran for his life.

By moving about the restaurant openly carrying his loaded AR-15 and pointing the AR-15 at CW-1, the defendant committed a threatening act that reasonably created in CW-1 a fear of immediate injury. The defendant acted voluntarily, on purpose, and not by mistake or accident; he had the apparent ability to injure CW-1; and the loaded AR-15 constituted a dangerous weapon.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

BY: _____
Demian Ahn
Assistant United States Attorney

Sonali Patel
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read each of the six pages constituting this factual proffer, understand it, and agree that it is true and accurate. While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 3-24-17

_____
Edgar Maddison Welch
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the six pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 3/24/17

_____
Danielle C. Jahn, Esq.
Counsel for Defendant Edgar Maddison Welch